**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-1253

_____

RODNEY J. MURPHY,

        Plaintiff - Appellant,

      v.

COMMONWEALTH OF VIRGINIA, in the official and individual capacity;
LOUDOUN COUNTY, in the official and individual capacity; LOUDOUN
COUNTY DEPARTMENT OF SOCIAL SERVICES, in the official and individual
capacity; LOUDOUN COUNTY DOMESTIC RELATIONS DISTRICT COURT,
in the official and individual capacity; GLENDA BLAKE, Department of Social
Services Director, in the official and individual capacity; JUDY LEW, in the official
and individual capacity; LYLE DAVIDSON, in the official and individual capacity,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Rossie David Alston, Jr., District Judge.  (1:20-cv-00337-RDA-TCB)

_____

Submitted:  September 23, 2022               Decided:  December 7, 2022

_____

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Rodney J. Murphy, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney J. Murphy appeals the district court's order granting Defendants' motions to dismiss Murphy's 42 U.S.C. § 1983 action.  Murphy filed suit against three state defendants—the Commonwealth of Virginia, the Loudoun County Juvenile and Domestic Relations District Court, and Judy Lew, a Virginia Department of Social Services employee (collectively, "Commonwealth Defendants")—as well as Loudoun County and various county defendants (collectively, "County Defendants").  Murphy alleged in his complaint that Defendants deprived him of his parental rights and violated his rights to due process and equal protection, stemming primarily from their failure to provide him with information about his daughter, who was left with the Loudoun County Department of Social Services by her birth mother in 2007 to be adopted.  The district court dismissed Murphy's claims against the Commonwealth Defendants for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on Eleventh Amendment immunity and dismissed his claims against the County Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Murphy challenges, in two informal briefs, the district court's dismissal of his claims for lack of jurisdiction.  For the following reasons, we affirm in part, vacate in part, and remand.

As an initial matter, we confine our review on appeal to the issues raised in Murphy's two informal briefs.  See 4th Cir. R. 34(b).  Because Murphy does not challenge the district court's dismissal, pursuant to Rule 12(b)(6), of his claims against the County Defendants, we conclude that he has forfeited appellate review of that aspect of the court's order.  See Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is

2

an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

However, Murphy does challenge that portion of the district court's order dismissing his claims against the Commonwealth Defendants. We review de novo the district court's dismissal under Rule 12(b)(1) of the claims against the Commonwealth Defendants for lack of subject matter jurisdiction. *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017). Dismissal under Rule 12(b)(1) is appropriate "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal quotation marks omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Sovereign immunity under the Eleventh Amendment protects the States, their agencies, and state officials acting in their official capacities from being sued in federal court without their consent. *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018). However, such immunity does not extend to suits under § 1983 against state officials who are sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

"Suits against state officials in their official capacity . . . should be treated as suits against the State"; therefore, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Id.* at 25 (internal quotation marks

3

omitted). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* Thus, "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right," and "the plaintiff in a personal-capacity suit need not establish a connection to governmental policy or custom." *Id.* (cleaned up). Indeed, § 1983 was enacted to "enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Id.* at 28 (internal quotation marks omitted).

Upon a review of the record, and applying these principles, we discern no error in the district court's conclusion that Murphy's claims against both the Commonwealth of Virginia and the Loudoun County Juvenile and Domestic Relations District Court, as well as against Lew in her official capacity, are barred under the Eleventh Amendment. However, Murphy also sued Lew in her individual capacity, seeking both compensatory and punitive damages from her. While the "mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action," *Adams v. Ferguson*, 884 F.3d 219 (4th Cir. 2018) (internal quotation marks omitted), here, in addition to asserting that Lew had denied him access to the child's records, informed him that his parental rights had been terminated, denied him paternity testing, and otherwise denied his rights to due process, Murphy also alleged in his complaint that Lew "conspired with [the] County of Loudoun and other State agents to help conceal the child, to draft [the child] into adoption for personal gain," and conspired

4

with others to intentionally violate his parental rights.  We therefore conclude that the district court erred by determining that Murphy's individual-capacity claims against Lew were barred by the Eleventh Amendment, based on its finding that Murphy's allegations concerned only "how Lew acted in her official capacity."

Accordingly, we affirm those portions of the district court's order dismissing Murphy's claims against the County Defendants pursuant to Rule 12(b)(6) and dismissing for lack of jurisdiction his claims against the Commonwealth of Virginia, the Loudoun County Juvenile and Domestic Relations District Court, and Lew in her official capacity, as barred under the Eleventh Amendment.  However, with respect to Murphy's claims against Lew in her individual capacity, we vacate the district court's dismissal of these claims on the basis of Eleventh Amendment sovereign immunity and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*